# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW M. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV500 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KELLOGG USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motions to strike (Filing Nos. 44 and 51). The plaintiff filed an objection (Filing No. 53) to the second motion. The defendant attached briefs to its motions and filed a reply brief with evidence attached (Filing No. 56).

The deadline for disclosure of non-expert witnesses was December 2, 2005. **See** Filing No. 33, ¶ 4(A). The plaintiff filed his disclosure of non-expert witnesses on that date. **See** Filing No. 37. However, on January 12, 2006, the plaintiff filed an "Amended Pretrial Disclosure of Non-Expert Witnesses." **See** Filing No. 43. Additionally, on January 31, 2006, the plaintiff filed a "Supplement to Amended Pretrial Disclosure of Non-Expert Witnesses." **See** Filing No. 50. Although the deposition deadline was set for December 30, 2005, such deadline was extended to January 31, 2006, on January 6, 2006, at the request of the parties. **See** Filing Nos. 33, 41 and 42. The extension applied only to a specific list of witnesses, which included none of the subject witnesses. **See** Filing No. 42.

The defendant seeks to have the court strike the following witnesses from the plaintiff's "amended" and "supplemental to amended" non-expert witness lists: Ron Shepanowski, Ken Milan, Tony Bernardy, Ken Lehman, David Prososki and Michael Sandoval. The defendant also seeks an award of the costs associated with bringing these motions. Further, the defendant seeks an award of the costs associated with discovery related to the late disclosed witnesses, if they are not stricken.

The plaintiff argues Michael Sandoval should not be stricken under the circumstances and progression of this action. The plaintiff contends no prejudice will result because the defendant has three months until trial in which to contact Mr. Sandoval. Further, the plaintiff states that although Mr. Sandoval's name had not been disclosed

earlier due to an inadvertent mistake, Mr. Sandoval was mentioned four times during the plaintiff's deposition. The plaintiff does not contest the defendant's motion to strike the other five witnesses.

The defendant counters by providing the deposition testimony of the plaintiff including the four references to Mr. Sandoval. Such testimony does not provide any notice to the defendant of possible relevant trial testimony of Mr. Sandoval. Additionally, the defendant argues the plaintiff fails to explain or provide justification for the late disclosures.

Federal Rule of Civil Procedure 26(a)(3)(A) requires each party to file information respecting "each witness, separately identifying those whom the party expects to present [at trial] and those whom the party may call as the need arises." Under the rule, "these disclosures must be made at least 30 days before trial[,]" "[u]nless otherwise directed by the court." Fed. R. 26(a)(3). "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use the evidence at a trial." Fed. R. Civ. P. 37(c)(1). "Substantial justification" exists where there is an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule. Charles A. Wright, et al., Federal Practice and Procedure § 2288 (2d ed. 1994).

Relevant factors used to assist courts in determining whether to permit untimely disclosed witnesses to testify at trial include: the reasons the party fails to name the witness; the importance of the testimony; prejudice or surprise in fact of the party opposing the witness; the amount of time the opposing party needs to properly prepare for the testimony; whether a continuance would in some way be useful; disruption of orderly and efficient case management; and bad faith or willfulness of the party failing to comply with the court's order. **Martinez v. Union Pac. R. Co.**, 82 F.3d 223, 227 (8th Cir. 1996); **Citizens Bank v. Ford Motor Co.**, 16 F.3d 965, 966 (8th Cir. 1994); **Patterson v. F.W. Woolworth Co.**, 786 F.2d 874, 879 (8th Cir. 1986); **Morfeld v. Kehm**, 803 F.2d 1452, 1455 (8th Cir. 1986). "The primary purpose of the pretrial witness disclosure rule is to give parties notice of who will be called to testify, thereby avoiding unfair surprise or prejudice at trial. Nonetheless, the exclusion of critical testimony by unlisted witnesses is disfavored." **Morfeld**, 803 F.2d at 1455. In addition to, or instead of, the sanction of disallowing a witness, the court "may impose other appropriate sanctions" including the reasonable

expenses and attorney's fees associated with the disclosure failure.  Fed. R. Civ. P. 37(c)(1).

Also, relevant here, under Rule 16(b) a progression order schedule "shall not be modified except upon a showing of good cause."  **See  Bradford v. DANA Corp.**, 249 F.3d 807, 809-10 (8th Cir. 2001).  "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'"  **Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).  Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern."  **Financial Holding Corp. v. Garnac Grain Co.**, 127 F.R.D. 165, 166 (W.D. Mo. 1989).  Similarly, under Rule 6(b):  "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b) (emphasis added).  "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'"  **In re Harlow Fay, Inc.**, 993 F.2d 1351, 1352 (8th Cir. 1993) (**quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.**, 507 U.S. 380, 395 (1993)); **see Kaubisch v. Weber**, 408 F.3d 540, 543 (8th Cir. 2005) (the misapplication or misreading of the plain language of [the federal rules] does not establish excusable neglect).  The relevant circumstances include:  "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  **Pioneer**, 507 U.S. at 395.  Further, these rules must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

The plaintiff did not list Mr. Sandoval in either the timely Rule 26(a)(3)(A) disclosure or in the earlier Rule 26(a)(1)(A) disclosure.  **See** Filing Nos. 37 and 56, Exhibit B.  The plaintiff mentioned Mr. Sandoval during his deposition in October 2005, then waited to file an amended witness list on the last day possible for depositions.  The plaintiff gives no explanation for the failure to timely disclose Mr. Sandoval, nor does the plaintiff provide any

description or recite the relative importance of Mr. Sandoval's proposed testimony at trial. While the court does not find bad faith exists, it is impossible on the record to determine the reason for the plaintiff's failure to comply with the court's scheduling order or to assess the critical importance of the testimony to the plaintiff's case. Discovery in this case is closed and the defendant has already filed a motion for summary judgment. Accordingly, the defendant would be prejudiced by the late addition of the new witness. The court finds the plaintiff has failed to show either substantial justification for the failure to timely disclose Mr. Sandoval or good cause or an extension of the deadline to do so.

There is no evidence in the record that the defendant attempted to resolve these issues with opposing counsel prior to involving the court. Under the circumstances, the court concludes no additional sanction, other than striking the untimely disclosed witnesses, under Rule 37(c)(1) is justified. Further, the defendant did not expend extraordinary efforts associated with the plaintiff's disclosure failures. Upon consideration,

**IT IS ORDERED:**

1. The defendant's motions to strike (Filing Nos. 44 and 51) are granted to the extent each of the following witnesses are stricken from the plaintiff's non-expert witness list for trial: Ron Shepanowski, Ken Milan, Tony Bernardy, Ken Lehman, David Prososki and Michael Sandoval. The motions are denied to the extent additional sanctions are sought.

2. The plaintiff's Objection (Filing No. 53) is overruled.

Dated this 27th day of February, 2006.

BY THE COURT:

 s/Thomas D. Thalken<br>
United States Magistrate Judge

4