## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ANDREW M. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:04CV500** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **KELLOGG USA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's Motion to Compel Discovery (Filing No. 70). The defendant attached its brief and evidentiary exhibits to the motion.[1] The defendant seeks to compel production of all items removed from the plaintiff's work locker at the time of his termination. Such items were requested in the defendant's Third Request for Production, which was hand delivered to the plaintiff's counsel on February 27, 2006. **See** Filing No. 70, Exhibit A.

The plaintiff did not file any opposition to the defendant's motion. However, on March 10, 2006, the plaintiff filed an "Objection to Amended Third Request for Production of Documents to the Plaintiff." **See** Filing No. 63; Filing No. 70, Exhibit C. In the objection, the plaintiff objected to production of the locker's contents "as not relevant and not likely to lead to admissible evidence, overly burdensome, and vexatious." *Id.* It appears that counsel for the parties conferred, but were unable to reach an agreement regarding the discovery. Subsequently, the defendant filed the instant motion to compel.

With regard to production of documents and things, Fed. R. Civ. P. 34(b) provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

---

[1]The local rules require the brief and an index of evidence to be filed separately from the brief. **See** NECivR 7.1.

**See** Fed. R. Civ. P. 34(b).

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. ***Id.*** "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." ***Id.*** (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See** ***Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** ***id.***

It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. ***Burnett v. Western Res. Inc.***, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. ***Id.*** However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information

they hope to obtain and its importance to their case.  **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).  Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund*, 437 U.S. at 351.  Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  **See** *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C. 1989); *Morse Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988).  The District Court has discretion to limit the scope of discovery, if it has a good reason to do so.  *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

The defendant shows the requested discovery bears on, or reasonably could lead to other matters that could bear on, issues raised in this case.  The plaintiff's complaint alleges he was subjected to a hostile work environment based on gender in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).  As part of the plaintiff's prima facie case he must show the conduct at issue, another male feigning the act of "humping" the plaintiff, was unwelcome because the plaintiff regarded the conduct as undesirable or offensive.  **See** *Scusa v. Nestle USA Co.*, 181 F.3d 958, 965-66 (8th Cir. 1999).  The *Scusa* court determined a plaintiff is unable to show alleged behavior was unwelcome when she "engaged in behavior similar to that which she claimed was unwelcome and offensive." *Id.* at 966.

The defendant shows the maintenance manager, Gerald Dailey, testified during his deposition that the plaintiff had "a tremendous amount of pornography . . . . Some of the stuff in the pornography went a little bit beyond just a simple Playboy picture. Some of it was actually how to tie women up, you know, bondage-type stuff.  And that was very offensive. . . ." **See** Filing No. 70, Exhibit B at 92-93.  Possession of such materials on the work premises is a violation of the defendant's disciplinary rules.  *Id.* at 91-92.  The

defendant states these materials were returned to the plaintiff after his termination.  The defendant argues possession of these materials at the workplace may tend to show the plaintiff was not subjectively offended by the alleged inappropriate behavior of a co-worker.

While this court makes no determination of the plaintiff's ability to make a prima facie showing of hostile work environment, the defendant has sustained its burden of showing the requested discovery meets the threshold level for relevance.  In contrast, the plaintiff has failed to make any showing to support his objections.  Accordingly, the defendant's motion to compel will be granted.

Furthermore, the plaintiff shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a).  Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The plaintiff's failure to provide discovery required the defendant to file a motion to compel.  The plaintiff has not responded to the motion to compel to either provide support for his objections or an explanation for the failure to provide discovery.  The court shall, after the plaintiff has a chance to respond, grant the defendant reasonable expenses for filing the motion, unless the plaintiff shows substantial justification for the failure to provide discovery responses.  **See** Fed. R. Civ. P. 37(a)(4).  Upon consideration,

**IT IS ORDERED:**

1.      The defendant's Motion to Compel Discovery (Filing No. 70) is granted.

2.      The plaintiff shall have to **on or before May 19, 2006**, in which to provide the requested discovery in response to the defendant's request for production and to file a certificate of service for the response pursuant to NECivR 34.1(b).

4

3.      The plaintiff shall have to **on or before May 19, 2006**, to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

Dated this 3rd day of May, 2006.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge